UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LESLIE LOREN ARMSTRONG, | Case No. 10-12552 |
| Plaintiff, | Denise Page Hood |
| vs. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

# REPORT AND RECOMMENDATION
## MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 19)

**I.   PROCEDURAL HISTORY**

Plaintiff filed her complaint appeal the administrative determination denying her social security disability benefits on June 29, 2010.  (Dkt. 1). Defendant filed an answer and the administrative transcript on September 7, 2010.  (Dkt. 5, 6).  Pursuant to the scheduling order, plaintiff filed her motion for summary judgment on November 18, 2010.  (Dkt. 12).  On February 28, 2011, District Judge Victoria A. Roberts signed a stipulation and order remanding this matter back to the Administrative Law Judge for further proceeding under sentence four.  (Dkt. 17).  A judgment in plaintiff's favor was entered on that same date.  (Dkt. 18).  On March 31, 2011, plaintiff timely filed a motion for attorney fees under the Equal Access to Justice Act (EAJA).  (Dkt. 19).  The Commissioner

filed a response on April 13, 2011. (Dkt. 20). This motion was referred to the undersigned for report and recommendation on April 22, 2011. (Dkt. 21). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) that fees in the amount of $3435 be awarded to plaintiff; (3) that the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

## II.   DISCUSSION

### A.   The Parties' Arguments

In this case, the Commissioner does not dispute that plaintiff is entitled to attorney fees. (Dkt. 19, 20). The dispute in this matter involves only the amount of the fees. Plaintiff asks for $4,975.25 in attorney fees, calculated at $175 per hour for 26.43 hours of work, along with the filing fee of $350. (Dkt. 19). Plaintiff argues that the current statutory maximum EAJA rate is $125 per hour, which may be adjusted upward for inflation. Given the cost of living increases since the rate of $125 per hour was set in 1996, plaintiff asserts that the hourly rate

of $175[1] is reasonable.

In response, the Commissioner argues that plaintiff has not met her burden of showing that the fee request is reasonable because she has not demonstrated that the hours spent were reasonable or that the hourly rate should be adjusted upward from the statutory cap of $125 per hour. (Dkt. 20). Thus, according to the Commissioner, plaintiff's fee request should be reduced because she failed to provide adequate support for the rate requested.

In addition, the Commissioner objects to several entries that appear to be "clerical" in nature and should not be billed at an attorney rate. Specifically, the Commissioner objects to plaintiff's claims of .5 hours for "Attention and Mailing of Summonses" on June 29, 2010, .75 hours for "Preparation and Filing of Return of Service" on July 23, 2010, and .5 hours for "Download Record and Burn Copy" on September 8, 2010. All of these tasks, totaling 1.75 hours, appear to have been purely clerical and thus, according to the Commissioner, should not have billed at the attorney rate. Finally, the Commissioner notes that plaintiff included an assignment of EAJA fees as part of her motion, in which she requested that any fee be paid directly to her attorney. While the Commissioner acknowledges that

---

[1] Plaintiff's brief states that a rate of $170 per hour is reasonable, but the undersigned presumes that this is typographical error since the motion states $175 per hour and plaintiff's calculations appear to be based on the $175 per hour rate.

plaintiff's motion does not request that the fee award be paid directly to her attorney, in the interest of clarity, the Commissioner asks that the award be made to plaintiff, pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

B. <u>Analysis and Conclusions</u>

1. Is plaintiff entitled to an upward adjustment of the fee rate?

The EAJA permits an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts regularly utilize the lodestar approach to calculating attorneys fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *Henley*, 461 U.S. at 433-34.

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a

floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir.1986). Plaintiff seeks to recover at a rate of $175 per hour, significantly above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Martin v. Comm'r*, 82 Fed.Appx. 453, 456 (6th Cir. 2003) ("This Court [ ] finds that the rate of $125 per hour, as set by statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that he should be entitled to a higher rate."). The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec. Health and Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992).

The undersigned concludes that no adjustment above the statutory cap is warranted here. Plaintiff's counsel does not make any effort to establish a prevailing market rate for Social Security appeals in the Eastern District of Michigan, which is his burden. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343,

350 (6th Cir. 2004) ("[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record ... ."). Rather, plaintiff merely asserts that the rate "must be more" than $125 because of cost of living increases. However, the "mere citation of cost-of-living increases since the enactment of the $125.00 statutory cap does not carry the plaintiff's burden of showing evidence that a higher rate was actually *billed* and *paid* in similar lawsuits." *Burkett v. Astrue*, 2010 WL 881905 (E.D. Ky. 2010). The maximum hourly rate provides adequate and appropriate compensation for the work performed in this matter by plaintiff's attorney, and that no special factor warrants a rate in excess of $125 per hour. The undersigned agrees with the Commissioner's conclusion that 1.75 hours of the attorney time are not recoverable because the work was merely clerical in nature. Plaintiff is entitled to attorney fees for 24.68 hours at $125 per hour, for a fee award of $3085 plus the $350 filing fee, for a total of $3435.

      2.    Are attorney fees payable to plaintiff's attorney?

Judgments are entered by the Court for or against the parties to a lawsuit, not the attorneys representing the parties. The EAJA provides in pertinent part that the court must award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that the Court should direct that any award of EAJA fees be payable to plaintiff, not plaintiff's attorney, citing the United States

Supreme Court's recent decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). Plaintiff has not directly addressed this issue.

In *Ratliff*, the social security claimant prevailed in her appeal of the denial of benefits, and later sought attorney's fees as the prevailing party under the EAJA, 28 U.S.C. § 2412(d). Before paying the award, the Commissioner discovered that the claimant owed a preexisting debt to the government, and sought an administrative offset of that amount from the EAJA award. The claimant's attorney intervened to challenge the offset, arguing that the EAJA award belonged to her as the claimant's attorney, and thus could not be used to offset her client's debt. The Supreme Court granted *certiorari* to determine "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." *Ratliff*, 130 S.Ct. at 2524. The Court held that, pursuant to the plain language of the statute, such an award is "payable to the litigant[.]" *Id*. The Court rejected the contention that the Commissioner's historical practice of paying lawyers directly in cases where the claimant had assigned her rights to the fee, and owed the government no debt, mandated a different result. *Id*. at 2528-29; *see also id.* at 2530 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J. concurring).

Because the EAJA award was 'payable to the litigant," it was subject to the government offset to satisfy the claimant's debt. *Id*.

As noted by a federal court from the Eastern District of Arkansas, following the *Ratliff* decision, a number of lower courts have considered whether an EAJA award should be directed to the claimant's attorney based on a contractual assignment between the claimant and his lawyer. *Johnson v. Astrue*, 2010 WL 3842371, *2 (E.D. Ark. 2010) (collecting cases). These courts have reached varying conclusions as to whether, in light of an assignment, the attorney fee can be paid directly to the plaintiff's lawyer or must still be made to the client. Based on a review of the post-*Ratliff* case law, the Arkansas District Court reached the following conclusions:

> While the Court is in a position to determine if Plaintiff has assigned his right to an EAJA award to his lawyer, it is not in a position to know if Plaintiff is indebted to the Government, something that would directly affect whether Bartels is entitled to none, some, or all of the attorney's fees. In contrast, the Commissioner is in a position to determine both whether a claimant has made a valid assignment and whether a claimant is indebted to the government. Accordingly, the Court concludes that it should be the Commissioner, not this Court, that makes both of those determinations after the entry of this Order awarding attorney's fees.

*Johnson*, at *3. The same is true here, while plaintiff has presented the assignment, the Court does not know whether plaintiff has any valid debt owing to

the government. Thus, the undersigned concludes that, despite the assignment, there is no basis to vary from *Ratliff* and the Commissioner will have to determine (a) whether plaintiff has made a valid assignment; and (b) whether claimant is indebted to the government. *Cowart v. Comm'r of Soc. Sec.*, — F.Supp.2d —, 2011 WL 2441468 (E.D. Mich. 2011) ("The Commissioner has not indicated whether in fact [plaintiff] owes money to the Government. I will therefore follow the common practice and give him the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees."). If the assignment is deemed valid and plaintiff is not indebted to the government, the Commissioner may pay the attorney fees directly to plaintiff's counsel without running afoul of *Ratliff*.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) that fees in the amount of $3435 be awarded to plaintiff; (3) that the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 17, 2011                          s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on November 17, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Daryl C. Royal, Kenneth L. Shaitelman, AUSA, and the Commissioner of Social Security</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov
