UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE LOREN ARMSTRONG,

       Plaintiff,                       Case No. 10-12552
                                              HONORABLE DENISE PAGE HOOD

vs.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

This Matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation [**Docket No. 22, filed on November 17, 2011**]. Plaintiff filed his original complaint appealing the administrative determination denying his social security benefits on June 29, 2011. (Dkt. 1). On February 28, 2011, this Court signed a stipulation and order remanding this matter back to the Administrative Law Judge for further proceeding under sentence four. (Dkt. 17).[1] The Magistrate Judge recommends the following: (1) plaintiff's motion for attorney fees be granted; (2) plaintiff be awarded fees in the amount of $3435.00; (3) the Commissioner determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; (4) and if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel. To date, no Objections have been filed to the Report and Recommendation.

---

[1] Report and Recommendation (Dkt. 22) reads that District Judge Victoria A. Roberts signed a stipulation and order remanding this matter back to the Administrative Law Judge. The undersigned assumes that this is a typographical error as this Court remanded the matter, not Judge Roberts.

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 387. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. In a dispute over fees, the "fee applicant bears the burden of establishing entitlement to an award." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The Court agrees with the Magistrate Judge that plaintiff has not shown that an increase in the cost of living or a special factor justifies a higher fee than the $125 per hour provided by statute. *See,* 28 U.S.C. § 2412(d)(2)(A). Plaintiff has failed to provide any evidence requiring an adjustment above the statutory cap. Plaintiff has not provided any evidence of an increase in living costs nor has plaintiff met his burden to establish the prevailing market rate for Social Security appeals in the Eastern District of Michigan. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2004) ("The 'prevailing market rate' is that rate which

lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record … ."). Plaintiff's attorney submitted an affidavit stating his "regular non-contingent hourly rate is $200," but provides no evidence that the prevailing market rate supports his standard rate. (Dkt. 19). Without such evidence, this Court agrees that no adjustment above the statutory cap should be made.

The Court agrees with the Magistrate Judge's determination that 1.75 hours of the attorney time are clerical in nature and not recoverable entitling plaintiff to an award of $3,435.00. Lastly, the Court agrees that the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government. Once the Commissioner has determined that plaintiff's assignment was valid and plaintiff is not indebted to the government, it may pay the attorney fee award directly to plaintiff's counsel.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Michael Hluchaniuk [**Docket No. 22, filed November 17, 2011**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law. IT IS FURTHER ORDERED that plaintiff's motion for attorney fees [**Docket No. 19, filed March 31, 2011**] is GRANTED pursuant to the terms provided above.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  March 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager